UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHEEN RUSH,<br><br>                    Plaintiff,<br><br>-against-<br><br>ANTHONY ANNUCCI, ACTING COMMISIONER FOR THE NEW YORK STATE DEPARTMENT OF CORECTIONS AND COMMUNITY SUPERVISION, et al.,<br><br>                    Defendants. | 19-CV-11830 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Orleans Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. §§ 2000 *et seq.*, alleging that prison officials at multiple facilities burdened the exercise of his Shi'a Muslim religion and denied him onion-free meals to accommodate his well-documented allergy to onions. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events that occurred at Orleans, Coxsackie, Ulster, Auburn, and Downstate Correctional Facilities. Orleans is located in Orleans County, in the Western District of New York. *See* 28 U.S.C. § 112(d). Coxsackie is located in Greene County, Ulster in Ulster County, and Auburn in Cayuga County – all within the Northern District of New York. *See* 28 U.S.C. § 112(a). Downstate is located in Dutchess County, within this judicial district. *See id*. § 112(b).

Plaintiff sues officials of the New York State Department of Corrections and Community Supervision (DOCCS) assigned to offices in Albany County – also in the Northern District of New York, *see id*. § 112(a) – and individuals from multiple correctional facilities, including four from Downstate. But a substantial part of Plaintiff's complaint relates to prison officials at Orleans burdening his right to the free exercise of his religion from 2017 to the present, and he seeks injunctive relief for ongoing violations at that facility. Plaintiff's remaining claims concerns prison officials at multiple facilities – including Downstate – failing to provide him special meals to accommodate his food allergy while he was being transported to and from Coxsackie for a court case; prison officials at Coxsackie denying him recreation and his right to perform Jumu'ah services; and prison officials at Auburn informing him that he could not attend the congregational prayer of Eid-Ul-Adha, and denying him the meal associated with the prayer. Thus, while this Court may be a proper venue for this action based on the events that occurred at Downstate, the United States District Courts for the Northern and Western Districts of New York are also proper venues for this action. *See* 28 U.S.C. § 1391(b)(1), (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer of the entire action to the Western District of New York appears to be appropriate in this case. Plaintiff currently resides at Orleans, located in the Western District, a substantial part of the underlying events occurred at that facility, and Plaintiff seeks injunctive relief for ongoing violations at Orleans. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 9, 2020
        New York, New York

                                        COLLEEN McMAHON
                                   Chief United States District Judge